IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON STANFORD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02688-N (BT) |
| | § | |
| KING OF FREIGHT LLC, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jason Stanford seeks leave to proceed *in forma pauperis* in this *pro se* civil action. For the reasons stated, the Court should deny Stanford's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice, unless he pays the $405.00 filing fee by January 29, 2024.

I.

A federal district court may authorize a person to bring a civil action *in forma pauperis*—that is, without the prepayment of fees—when the person submits an affidavit establishing they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for those plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would

1

"cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed *in forma pauperis*. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 439-40 (5th Cir. 2016).

In this case, Stanford's request to proceed *in forma pauperis* is wholly deficient. He did not sign the financial affidavit in support of his request. *See* (ECF No. 4) (requiring applicant to sign the affidavit and declare "under penalty of perjury" that the information provided is true). He also failed to provide any meaningful information to allow the Court to assess his financial ability to pay. *See id.* He indicates he is not working and has no income, but he also states has no expenses or liabilities. *Id.* And he generally refers to a Chapter 13 Bankruptcy that was dismissed for non-payment of trustee payments, but he does not provide the date of the dismissal or any other specific information about the bankruptcy proceeding. *See id.* Based on the information of record—all of which is unverified, the Court should find Stanford has failed to show that payment of the filing fee would cause him undue financial hardship.

The Court should DENY Stanford's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice, unless he pays the $405.00 filing fee by January 29, 2024.

II.

The Court further observes that Stanford's complaint fails to sufficiently plead a basis for federal subject matter jurisdiction.[1] Thus, if Stanford pays the filing fee, he should be required to submit an amended complaint specifically alleging the citizenship of all parties or establishing some other basis for federal subject matter jurisdiction.

Federal courts have limited subject-matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law ("federal question jurisdiction"), and (2) cases in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332(a) (diversity jurisdiction); *see also Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). There is a presumption against subject-matter jurisdiction, and it must be rebutted by the party

---

[1] The Court is "duty-bound" to examine its subject-matter jurisdiction *sua sponte*. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject-matter jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

filing an action in federal court. *See Coury, 85 F.3d at 248*. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986)*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)*.

When determining whether federal-question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986)* (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc., 980 F.2d 1014, 1017 (5th Cir. 1993)*. And when the asserted basis of federal jurisdiction is the diversity of the parties under § 1332, the party seeking to invoke diversity jurisdiction bears the burden of establishing that the parties are citizens of different states and the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)*.

Here, Stanford fails to sufficiently plead facts supporting diversity jurisdiction. Stanford has named two defendants: King of Freight, LLC, and England Carrier Services, LLC. Compl. 1-2. He alleges that King of Freight, LLC, is a limited liability company (LLC) that is registered in the state of Kansas and located in Wichita, Kansas, and that England Carrier Services, LLC, is an LLC located in Salt Lake City, Utah, with a registered agent located

4

in Austin, Texas. *Id.* But Stanford has failed to adequately allege diversity. When an LLC is named as a defendant, the party attempting to invoke federal jurisdiction must "specifically allege the citizenship *of every member of every LLC* . . . involved in [the] litigation." *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal District*, 82 F.4th 402, 408-09 (5th Cir. 2023) (emphasis added) (quoting *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020)); *see also Partners & Friends Holding Corp. v. Cottonwood Mins., L.L.C.,* 2023 WL 8649880, at *2 (5th Cir. Dec. 14, 2023) (per curiam); *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Stanford has not identified any of the members of King of Freight, LLC, and England Carrier Services, LLC; nor has he alleged facts that would establish the citizenship of any member of the defendant LLCs.

Stanford also fails to sufficiently plead facts supporting federal question jurisdiction. Liberally construing his various submissions, *see generally* ECF Nos. 3, 6-12, Sanford asserts a claim for breach of contract and related state law claims such as fraud. However, these claims arise under Texas law, not federal law. *See Ray v. Recovery Healthcare Corp.*, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (recognizing fraud is a state law claim), *Justin Isreal Escobar v. Alliance Credit Union*, 2023 WL 8720903, at *4 (N.D. Tex. Nov. 30, 2023) (recognizing a breach of contract claim normally arises under state law). Moreover, in support of his claims, Sanford

5

relies on Texas state case law and statutes. *See* Compl. 6-13, 38-39, 43-44, 47-48. And there is generally no federal question jurisdiction when the plaintiff pleads only a state law cause of action. *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Even under the most liberal construction of his complaint, Sanford has failed to allege facts supporting either federal question or diversity jurisdiction. Thus, if Stanford pays the filing fee, he should be required to submit an amended complaint specifically alleging the citizenship of all parties or establishing some other basis for federal subject matter jurisdiction. Otherwise, his case is subject to dismissal without prejudice for lack of subject-matter jurisdiction.

### III.

The Court should DENY Stanford's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice, unless he pays the $405.00 filing fee by January 29, 2024.

If Stanford pays the fee, the Court should require him to submit an amended complaint specifically alleging the citizenship of all parties or establishing some other basis for federal subject matter jurisdiction.

**SO RECOMMENDED**.

December 26, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)