IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON STANFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02688-N (BT) |
| | § | |
| KING OF FREIGHT LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jason Stanford's Motion to Voluntarily Dismiss Without Prejudice Pursuant to Federal Rule of Civil Procedure 41 (ECF No. 57). For the following reasons, the Court should GRANT the motion and DISMISS each of Stanford's claims without prejudice.

**I.**

Stanford seeks a court order dismissing this action pursuant to Federal Rule of Civil Procedure 41.

Rule 41(a)(2) provides that, after a defendant files an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[1] Under controlling Fifth Circuit precedent, voluntary dismissals should be freely granted; however, a plaintiff's request may not

---

[1] Defendants filed answers to Stanford's amended complaint (ECF Nos. 27, 31).

1

be allowed if the non-moving party will suffer "plain legal prejudice." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012). "Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (footnote omitted).

"Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris*, 500 F. App'x at 268 (citing *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Where a plaintiff waits to seek dismissal until after the defendant has exerted significant time and effort on the case, a court may, in its discretion, refuse to grant a voluntary dismissal. *Id.* (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)). But plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. *Id.* (citing *Elbaor*, 279 F.3d at 317 & n. 3).

Here, the Court does not envision any "plain legal prejudice" to Defendants should Stanford's action be dismissed. Although Stanford has submitted motions and numerous filings, the litigation is still in its nascent stages. Standford is not facing any imminent adverse ruling. Defendants will

2

not lose any substantive rights if the motion is granted, particularly because of the other lawsuits Stanford has filed against them. Accordingly, the Court should grant the motion for voluntary dismissal and dismiss the action without prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). But the action may be dismissed only on terms that the Court considers proper. For the resons outlined below—namely, the vexatious and harrassing litigation practices exhibited by Stanford—the Court should prohibit Stanford from filing any additional lawsuits raising the claims in this action against Defendants without first paying the filing fee.

## II.

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. (citations omitted). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed are not entitled to sue and appeal,

3

period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Ebrahimi v. United States*, 2023 WL 7423932, at *5 (N.D. Tex. Oct. 16, 2023), report and recommendation adopted, 2023 WL 7420225 (N.D. Tex. Nov. 9, 2023) (citing *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989)).

"A court may impose a prefiling sanction on a vexatious litigant, after weighing all relevant circumstances, including the following factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Hunsinger v. Offer, LLC*, 2022 WL 18143951, at *8 (N.D. Tex. Dec. 7, 2022), report and recommendation adopted, 2023 WL 122649 (N.D. Tex. Jan. 6, 2023) (citing *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)).

Here, the relevant factors weigh in favor of imposing a prefiling sanction on Stanford under the Court's inherent authority. For one, Stanford has engaged in a pattern of vexatious litigation practices. Specifically, Stanford has filed several duplicative lawsuits against the Defendants in this case. For example, he has initiated four essentially identical IFP actions in this District, including this pending action. *See Stanford v. Spencer Fane Limited Liability Partnership et al*, Case No. 3:24-cv-00443-E-BT;

4

*Stanford v. TBC Retail Group Inc et al*, Case No. 4:24-cv-00010-O-BP; *Stanford v. England Carrier Services LLC et al*, Case No. 3:24-cv-00521-E-BK**.** Stanford has also filed duplicative lawsuits against many of the same defendants in state court. *See Jason Stanford vs. England Carrier Services, LLC NFusion Capital Finance, LLC, et al*, Case No. DC-23-16349; *Jason Stanford v. King of Freight, et al.*, Case No. DC-23-18441; *Jason Stanford vs. England Carrier Services, Inc. et al,* Case No. DC-23-16350; *Jason Stanford vs. NFusion Capital Finance, LLC,* Case No. D-1-GN-23-003974. The rapid succession of filing, as well as the largely duplicative nature of the claims brought by Stanford in each action, do not evidence a good faith basis for pursuing his multiple lawsuits against Defendants.

Further, these duplicative actions have placed a burden on the Court and the Defendants. Even before the Court could enter a scheduling order in this case, Stanford filed a motion for summary judgment and multiple motions for sanctions against Defendants and their counsel. Defendants incurred costs—and the Court expended valuable resources—in attempting to respond to Stanford's filings. And Stanford's tone in these filings is unnecessarily contentious and harassing.

Requiring Stanford to pay the filing fee in any future action against Defendants which raises the same or essentially identical claims as those brought in this action is the least severe sanction the Court can impose while also sufficiently deterring future vexatious conduct. *See Mendoza v.*

*Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (courts have the duty to impose the least severe sanction that is sufficient to deter future conduct). Accordingly, the Court should warn Stanford that it may impose monetary sanctions and/or bar him from bringing any further civil action without payment of the filing fee should he continue filing duplicative actions against Defendants. *See Tyler v. PHH Mortg. Corp.*, 2020 WL 5520609, at *7 (N.D. Tex. Sept. 4, 2020) (declaring plaintiff a vexatious litigant but declining to impose any sanction harsher than a warning because plaintiff had not previously been warned by the court).

## Recommendation

The Court should GRANT Stanford's Motion for Voluntary Dismissal under Rule 41(a)(2) and DISMISS Standford's claims without prejudice. Further, the Court should warn Stanford that it may impose monetary sanctions and/or bar him from bringing any further civil action without payment of the filing fee if he files any additional lawsuits against Defendants which raise the same or essentially identical claims as those brought in this action.

**SO RECOMMENDED.**

March 11, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).